IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,

CENTRAL DIVISION

| FRANK PARKER<br><br>Plaintiffs,<br><br>vs.<br><br>UTAH OFFICE OF THE GUARDIAN AD LITEM, BRENT NEWTON and DAVID L. JOHNSON,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:09-CV-706 CW<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |
|---|---|

Plaintiff Frank Parker who is acting *pro se* filed the current action alleging violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1985. According to Mr. Parker, the Defendants in this case- Utah Office of the Guardian ad Litem, attorney Brent Newton and attorney David Johnson "have conspired in depriving [Plaintiff] of certain constitutional rights"[1] and subjected Mr. Parker to cruel and unusual punishment. Because this court lacks subject matter jurisdiction over Mr. Parker's claims under the *Rooker-Feldman* doctrine and is barred from exercising jurisdiction over a case in which there may be ongoing state proceedings pursuant to *Younger v. Harris*,[2] the court recommends Mr. Parker's complaint be dismissed. Additionally, the Eleventh Amendment would bar suit against any Defendants who were acting in their official capacities. Thus this case should be dismissed.

---

[1] Complaint p. 2.
[2] 401 U.S. 37 (1971).

1

Pursuant to 28 U.S.C. § 1915, the court granted Plaintiff's motion to proceed in forma pauperis without the payment of fees.[3] The provisions of § 1915 provide that the court "shall dismiss the case at any time if the court determines that – (B) the action or appeal – (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[4] The court concludes that Mr. Parker's Complaint fails to state a claim upon which relief may be granted and it seeks relief against defendants who are immune from suit.

Because Mr. Parker is appearing pro se, the court construes his pleadings liberally.[5] And, at first blush, it appears Plaintiff's Complaint may survive scrutiny under Section 1915. Mr. Parker alleges that racial discrimination and misuse of governmental authority is present which has caused him to suffer from "serious mental breakdowns"[6] and lose his liberties. He further alleges that Defendants Newton and Johnson acted unethically in their representation of Plaintiff's daughter and in their actions involving the investigation of charges against Plaintiff. Plaintiff also alleges that the Utah State Office of the Guardian ad Litem conspired by allowing improper "behavior to exist within the department."[7]

The problem with Mr. Parker's Complaint, however, is that the allegations arise from state court proceedings that have concluded or that are currently ongoing. For example, Mr. Parker states that "Attorney Newton and DCFS [Division of Child and Family Services] and the

---

[3] Docket no. 3.
[4] 28 U.S.C. 1915(e)(2) (2006).
[5] *See* Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ledbetter v. City of Topeka, 318 F.3d 1183, 1197 (10th Cir. 2003).
[6] Complaint p. 2-3.
[7] *Id.* at 9.

court still convict me of child endangerment."[8]  Plaintiff further asserts that on February 25, 2009, during a hearing before "Judge Charles D. Behrens"[9] to determine visitation involving the custody of his daughter, Defendant Johnson committed perjury and obstructed justice. Additionally, attached in support of Plaintiff's Complaint are orders and motions filed in the Third District Juvenile Court for Salt Lake County.

     Federal courts are courts of limited jurisdiction and they possess only the powers authorized by the Constitution and acts of Congress.[10]  One such restriction is the limitation on federal courts to reverse or modify state court judgments.[11]  Another is a prohibition against a federal district court hearing an appeal from a judgment rendered by a state court.[12]  Both of these restrictions fall under what is generally called the *Rooker-Feldman* doctrine.[13]  This doctrine "precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment."[14]  "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983."[15]

---

[8] *Id.* at p. 5.
[9] *Id.* at 8.
[10] *See* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).
[11] *See* Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) (finding no federal district court "could entertain a proceeding to reverse or modify" a state court judgment, because "[t]o do so would be an exercise of appellate jurisdiction.  The jurisdiction possessed by the District Courts is strictly original.").
[12] *See* Bolden 441 F.3d 1129, 1139 (10th Cir. 2006) ("The *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state court judgments.").
[13] *See* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).
[14] Mo's Express, LLC v. .Sopkin, 441 F.3d 1229, 1237 (10th Cir. 2006) (quoting Kenmen Engineering v. City of Union, 314 F.3d 468, 473 10th Cir. 2002)).
[15] Anderson v. State of Colorado, 793 F.2d 262, 263 (10th Cir. 1986) (stating federal courts do not have jurisdiction to review any claims of alleged constitutional rights violations under section 1983 that arise during the course of state judicial custody proceedings).

Here, Plaintiff is basically asking this court to "effectively act as an appellate court in reviewing the juvenile court's disposition [and proceedings]."[16] Under the *Rooker-Feldman* doctrine, however, this court cannot reverse or modify a state court judgment.[17] Plaintiff is also asking this court to provide relief involving claims "'inextricably intertwined' with . . . prior state-court judgment[s]."[18] This court is barred from acting on issues inextricably intertwined with state-court judgments based upon the *Rooker-Feldman* doctrine. Mr. Parker's Complaint must therefore be dismissed.

Additionally, pursuant to *Younger v. Harris*,[19] this court cannot exercise jurisdiction over a case in which there is an ongoing state action. It appears there are elements of Plaintiff's case that are ongoing with the state. For example, the custodial issues surrounding Plaintiff's child. Under the *Younger* abstention doctrine this court cannot interfere with ongoing state court proceedings.

Finally, state officials sued for damages in their official capacities are not considered "persons" within the meaning of sections 1983 because they assume the identity of the government that employs them.[20] Thus, even if this court construes Plaintiff's Complaint to bring an action against state officials acting in their official capacity, it would still fail because the Eleventh Amendment would bar suit against these individuals in federal court.[21]

---

[16] *Warnick v. Briggs*, 2007 WL 3231609 *9-10 (D.Utah Oct. 30 2007).
[17] *See Rooker*, 263 U.S. at 415.
[18] *Mo's Express, LLC v. .Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006) (quoting *Kenmen Engineering v. City of Union*, 314 F.3d 468, 473 10th Cir. 2002)).
[19] 401 U.S. 37 (1971).
[20] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).
[21] *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

## RECOMMENDATION

For the forgoing reasons the court RECOMMENDS that this case be DISMISSED. Plaintiff's motions for service of process and appointment of counsel[22] should be DENIED or deemed MOOT.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed with ten days after receiving this Report and Recommendation. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 28th day of August, 2009.

BY THE COURT:

*Brooke C. Wells*

Magistrate Judge Brooke Wells

---

[22] Docket nos. 4 and 5.