IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRANK PARKER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UTAH OFFICE OF THE GUARDIAN AD LITEM, et al.,<br><br>　　　　　　Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br><br>Case No. 2:07-cv-706 CW BCW |

　　　　Plaintiff Frank Parker has brought this action against the Utah Office of the Guardian Ad Litem, as well as two attorneys in that office, Brent Newton and David L. Johnson. In the Complaint, Mr. Parker alleges causes of action under 28 U.S.C. §§ 1983 and 1985 for violations of Mr. Parker's civil liberties related to actions the Defendants took in the course of representing Mr. Parker's children. Mr. Parker seeks money damages.

　　　　This matter is before the court on Magistrate Judge Brooke C. Wells' Report and Recommendation (Dkt. No. 9). After the court granted Plaintiff's motion to proceed *in forma pauperis* and Plaintiff moved for service of process and appointment of counsel, Judge Wells reviewed the Complaint pursuant to 28 U.S.C. § 1915. Under that section, a court having granted a motion to proceed *in forma pauperis* "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28

U.S.C. § 1915(e)(2)(B)(ii).  After carefully examining the complaint, Judge Wells recommended that the case be dismissed under § 1915 either due to lack of jurisdiction or due to Eleventh Amendment immunity of Defendants.  Mr. Parker objected to the Report and Recommendation.

The court has conducted a *de novo* review of the record of this case.  As a result of that review, the court finds that even taking Mr. Parker's allegations in the Complaint as true, the Defendants are immune from this suit.  Specifically, even reading reasonable inferences in Mr. Parker's favor, the Complaint's allegations exclusively concern actions taken by Defendants in their capacities as guardians *ad litem*.  But as recently explained by the Tenth Circuit, "we have held the guardians *ad litem* are not state actors for purposes of § 1983 because they give their 'undivided loyalty to the minor, not the state.'"  *Hennelly v. Flor de Maria Oliva*, 237 Fed. Appx. 318, 320 (10th Cir. 2007) (quoting *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986)).  Moreover, as pointed out by Judge Wells, state offices and officials sued for damages in their official capacities do not qualify as "persons" as used in § 1983 because they assume the identity of the government that employs them.  (*See* Report and Recommendation at 4, citation omitted.)  Finally, none of Mr. Parker's objections have any merit.

Because the court finds that this case should be dismissed based on Defendants' immunity there is no need to address the other issues raised in the Report and Recommendation.  Moreover, this ruling renders MOOT the Defendants' motion to dismiss (Dkt. No. 11) as well as Plaintiff's motions for service of process and to appoint counsel.  (Dkt. Nos. 4 & 5.)

## CONCLUSION AND ORDER

Based on the foregoing, the court ADOPTS in part Judge Wells' Report and Recommendation and rules that Defendants are immune from suit based on the facts alleged in the Complaint. Accordingly, this action is DISMISSED.

SO ORDERED this 20th day of October, 2009.

BY THE COURT:

_____
Clark Waddoups
United States District Judge